UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYAN C. McINTIRE, an individual,

        Plaintiff,

   v.

SUNRISE SPECIALTY COMPANY, a California corporation,

        Defendant.
_____/

NO. CIV. S-11-2495 LKK/CKD

O R D E R

    The above-referenced matter came on for an early Markman "claim construction" hearing on October 15, 2012.[1]

    "[T]rial courts have a duty to conduct claim construction in design patent cases, as in utility patent cases." Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665, 679 (Fed. Cir. 2008) (en banc), cert. denied, 556 U.S. ___, 129 S. Ct. 1917 (2009). The point of any claim construction is to assist the district court – and ultimately the jury – in determining what, exactly, is

---

[1] See Markman v. Westview Instruments, 517 U.S. 370 (1996).

1

"claimed" in the patent. Where, as here, a design patent is involved, a principal goal of claim construction is to "'factor out the functional aspects'" of the patented design. Richardson v. Stanley Works, Inc., 597 F.3d 1288, 1295 (Fed. Cir. 2010);[2] Egyptian Goddess, 543 F.3d at 2008.[3]

However, at oral argument, both sides confirmed that there is no need in this case to factor out any functional aspects of the claimed design patent. With no such need, the court will rely on the established principle that "'the illustration in the drawing views is its own best description.'" Crocs, Inc. v. ITC, 598 F.3d at 1303, quoting Manual of Patent Examining Procedure § 1503.01 (8th ed.2006); Egyptian Goddess, 543 F.3d at 679.[4]

Accordingly, the court issues the following **CLAIM CONSTRUCTION:**

---

[2] Quoting Amini Innovation Corp. V. Anthony Cal., Inc., 439 F.3d 1365, 1372 (Fed. Cir. 2006).

[3] Citing OddzOn Products, Inc. v. Just Toys, Inc., 122 F.3d 1396, 1404-05 (Fed. Cir. 1997) ("Where a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent") (citations omitted).

[4] Another reason for engaging in a claim construction for a design patent is that "a court may find it helpful to point out, either for a jury or in the case of a bench trial by way of describing the court's own analysis, various features of the claimed design as they relate to the accused design and the prior art." Egyptian Goddess, 543 F.3d at 680. Also, the court "can usefully guide the finder of fact" by, for example, "describing the role of particular conventions in design patent drafting." Id. After reviewing the patent drawings, the court does not believe a more detailed claim construction than appears in the patent itself is required.

2

**The ornamental design for a toilet bowl, as shown and described by US Patent D534,254 S, and its seven (7) included drawings.**

IT IS SO ORDERED.

DATED: October 15, 2012.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3