Ronnie Fischer, Esq. #35620
**FISCHER LAW FIRM, P.C.**
1777 S. Harrison Street, Suite 1500
Denver, Colorado 80210
Tel: (303) 746-2500 / Fax: (303) 756-2506
ronnie@fischeresq.com

Kenton J. Klassen, Esq. #124118
**DOWLING AARON INCORPORATED**
8080 North Palm Avenue, Third Floor
P.O. Box 28902
Fresno, California 93729-8902
Tel: (559) 432-4500 / Fax: (559) 432-4590
kklassen@daklaw.com

Attorneys for Defendant/Counterclaimant

EDWARD J. WRIGHT, ESQ. #109469
LOREN L. LUNSFORD, ESQ. #213966
**MARTENSEN ❖ WRIGHT PC**
112 **J** Street, Second Floor
Sacramento, California 95814
Telephone: (916) 448-9088
Facsimile: (916) 448-9084

Attorneys for Plaintiff BRYAN C. McINTIRE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN C. MCINTIRE, an Individual,<br><br>            Plaintiff,<br><br>vs.<br><br>SUNRISE SPECIALTY COMPANY, a California Corporation,<br><br>            Defendant. | Case No. 2:11-CV-02495-LKK-CKD<br><br>**PARTIES' STIPULATED MOTION TO MODIFY PRETRIAL SCHEDULING ORDER AND EXTEND LAW AND MOTION AND ORDER** |
| SUNRISE SPECIALTY COMPANY, a California Corporation,<br><br>            Counterclaimant,<br><br>vs.<br><br>BRYAN C. MCINTIRE, an Individual,<br><br>            Counterdefendant. | |

**STIPULATED MOTION TO EXTEND THE DEADLINE
FOR LAW AND MOTION**

COME NOW Defendant Sunrise Specialty Company (hereinafter "Defendant Sunrise"), by and through its attorney, Ronnie Fischer of the Fischer Law Firm, P.C., and the Plaintiff Bryan C. McIntire, by and through his attorney, Loren Lunsford of Martensen ❖ Wright PC, and hereby jointly move the Court to modify the Scheduling Order in this matter, as follows:

1. This Motion seeks to modify the law and motions dates and all other related dates in this matter, thus to modify the schedule of this case. The trial of this matter is set for May 14, 2013. A Final Pretrial Conference is set for February 4, 2013.

2. The applicable *Status (Pretrial Scheduling) Conference* Order in this matter [Doc #13] provides at page 10 (Miscellaneous Provisions) that modifications of the Pretrial Scheduling Order may only be obtained by leave of Court upon a showing of good cause. Further, the Court cautioned that changes to any of the scheduled dates would necessarily result in changes to all other dates.

3. At the last hearing of this matter related to whether a construction hearing would be held, the parties discussed with the Court the filing of Motions for Summary Judgment to resolve material issues in this case.

4. The Defendant also anticipates filing a *Daubert* motion to strike the Plaintiff's expert.

5. All law and motion proceedings are to be conducted so as to be completed by November 1, 2012. (Pretrial Scheduling Order, p. 2).

6. However, the parties had anticipated resolution of claims construction sooner in this case. The hearing was originally set for September 28, 2012, and it was moved twice, eventually taking place on October 12, 2012.

7. It would not be prudent to file a motion for summary judgment and argue one or the other party's interpretation of claim terms or design principles because until the Markman hearing took place, the argument would be mere speculation. Only after the Markman

1 hearing took place could the parties file a meaningful and fully informed motion for summary
2 judgment.

3   8. The parties could not "complete" the summary judgment process between
4 October 12, 2012, and November 1, 2012.

5   9. The parties have conferred, and believe it would be beneficial to the case
6 to conduct cross motions for summary judgment. Resolution of key issues of law to which the
7 parties cannot agree would be beneficial. Even if the case would not be resolved outright with
8 resolution of the summary judgment motions, it is likely that the Court's rulings on the motions
9 would facilitate settlement of the case.

10   10. Additionally, the process would inform the parties of each other's
11 positions in more concrete terms, likely contributing to movement toward compromise and
12 settlement.

13   11. The law and motion would narrow and refine the legal issues raised by the
14 case, and dispose of those issues that are susceptible to resolution without trial.

15   12. Therefore, there is good cause for extending the Motion Hearings
16 Schedule to accommodate the requested motion process.

17   13. The parties request that they be permitted to: 1) file Motions for Summary
18 Judgment by November 9, 2012; 2) file responses to the other party's Motion by December 7,
19 2012 (to account for the Thanksgiving Holidays in the interim); and, 3) to file Replies by
20 December 17, 2012. The hearing on the motions will be set for 10:00 a.m. on January 28, 2013,
21 in Courtroom 4, which is available on the Court's calendar.

22   14. The Notice of Hearing will be served according to Local Rule 230.

23   15. The Final Pretrial Conference is set for February 4, 2013. The ruling on
24 summary judgment might affect pretrial preparations and jury instructions, so it would be
25 prudent to postpone and reset the Final Pretrial Conference to a later date.

26   16. Similarly, the trial date should be postponed to a date after the Final
27 Pretrial Conference.
28 / / /

PARTIES' STIPULATED MOTION TO MODIFY PRETRIAL SCHEDULING ORDER AND EXTEND LAW AND MOTION

WHEREFORE, the parties shall file Motions for Summary Judgment by November 16, 2012, and the Final Pretrial Conference and the Trial are **vacated** pending resolution of the law and motion(s).

Respectfully submitted,

Dated: November 9, 2012    FISCHER LAW FIRM, P.C.

By: */s/ Ronnie Fischer*
    RONNIE FISCHER
    Attorneys for Defendant/Counterclaimant

Dated: November 9, 2012    DOWLING AARON INCORPORATED

By: */s/ Kenton J. Klassen*
    KENTON J. KLASSEN
    Attorneys for Defendant/Counterclaimant

Dated: November 9, 2012    MARTENSEN ❖ WRIGHT, P.C.

By: */s/ Loren L. Lunsford*
    LOREN L. LUNSFORD
    Attorneys for Plaintiff

IT IS SO ORDERED.

Dated: November 9, 2012

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

15602-001\01093184.DOC.